Marc R. Wolfe
James V. Fareri
Gerard J. Geiger
Vincent Rubino
David L. Horvath
Robert J. Kidwell
Aaron M. DeAngelo

*Of Counsel*
Todd R. Williams
Ronald J. Mishkin
Daniel M. Corveleyn

Samuel W. Newman
1961-2019




P.O. Box 511
712 Monroe Street
Stroudsburg, PA 18360
570.421.9090

www.newmanwilliams.com

400 Northampton Street
Suite 404
Easton, PA 18042
800.506.0191

July 27, 2020

The Honorable Martin C. Carlson
Via ECF only

**RE: Lincoln Life v. Gary Sampson, et al.**
**3:19-cv-01769-MCC**

Dear Judge Carlson:

Pursuant to your case management order, I am not filing a motion to compel discovery but ask for your assistance in compelling Mr. Sampson, yet again, to answer my interrogatories and request for production of documents.

On February 28, 2020, I sent Mr. Sampson interrogatories and a request for production of documents. Copies are attached.

On March 31, 2020, I sent Mr. Sampson a reminder that his answers were past due and that I would work with him if he needed time to respond but that I needed an answer.

We had a phone conference with all parties on May 28, 2020.

On June 15, 2020, you ordered Mr. Sampson to provide responses by July 6, 2020. (ECF No. 29).

On July 1, 2020, Mr. Sampson sent some documents to Kevin Neary, and copied me but those documents did not answer my discovery.

I emailed Mr. Sampson on July 6, 2020 that his email to Mr. Neary was not fully responsive.

I have yet to receive a proper response to my interrogatories and request for production of documents as required by your order of June 15, 2020.

A non-jury trial is scheduled for September 28, 2020 and I need Mr. Sampson's answers to properly prepare for trial.

For that reason, I request another conference with the court and ask for sanctions.

Very truly yours,

Gerard J. Geiger, Esq.

Attachment: July 6, 2020 email to Gary Sampson
Discovery to Gary Sampson

Cc: Valerie Sampson
Ashli Sampson
Prentis Jackson

Subject: RE: Re: Lincoln Life v. Sampson 19-1769
Date: 7/6/2020 9:13 AM
From: "Gerard Geiger" <GGeiger@newmanwilliams.com>
To: "newlifeinchrist1@verizon.net" <newlifeinchrist1@verizon.net>
Cc: "Briana Fisher" <BFisher@newmanwilliams.com>

---

Mr. Sampson:

Thanks for you email. However, your email is not fully responsive to my discovery requests. Your formal answers to my interrogatories and request for production of documents are due today as per the court's order.

Gerard J. Geiger, Esq.



Gerard J. Geiger, Esq.
P.O. Box 511
712 Monroe Street
Stroudsburg, PA 18360
T: (570) 421-9090 Ext. 241
F: (570) 424-9739
E: ggeiger@newmanwilliams.com
vCard | www.newmanwilliams.com

CONFIDENTIALITY NOTICE: This email and any documents accompanying this email transmission may contain information which is a privileged and confidential attorney-client communication and/or work product of counsel. If you are not the intended recipient, any disclosure, copying, distribution, and/or taking of any action in reliance on the contents of this email information is strictly prohibited and may result in legal action being instituted against you. Kindly reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately.

---

**From:** Susan Sampson <newlifeinchrist1@verizon.net>
**Sent:** Wednesday, July 1, 2020 8:23 PM
**To:** Kevin_Neary@pamd.uscourts.gov
**Cc:** ggeiger@newmanwilliams.com
**Subject:** Re: Lincoln Life v. Sampson 19-1769

Mr. Neary, attach to this email are the documents which were requested, in regards to case 3:19-cv-01769- ARC for discovery. Thank you, Gary Sampson, I cc a copy to Gerard Geiger.

-----Original Message-----
From: Kevin Neary <Kevin_Neary@pamd.uscourts.gov>
To: ggeiger_newmanwilliams. com <ggeiger@newmanwilliams.com>; newlifeinchrist1@verizon.net <newlifeinchrist1@verizon.net>
CC: Martin Carlson <Martin_Carlson@pamd.uscourts.gov>; Sarah Rothermel <Sarah_Rothermel@pamd.uscourts.gov>; Mary Sempa <MaryGrace_Sempa@pamd.uscourts.gov>
Sent: Tue, 21 Apr 2020 10:47
Subject: RE: Lincoln Life v. Sampson 19-1769

Mr. Geiger,

Thank you for bringing this to my attention, I have correctly terminated Lincoln Life from this action in

accordance with the order Judge Caputo entered on February 27, 2020. Please use the following number to dial in to tomorrow' call.

866-590-5055

Access Code: 7914223#

Kevin J. Neary
Courtroom Deputy to Magistrate Judge Martin C. Carlson
U.S. District Court - Harrisburg Clerk's Office
717-221-3924

---

**From:** Gerard Geiger <GGeiger@newmanwilliams.com>
**Sent:** Tuesday, April 21, 2020 10:40 AM
**To:** Kevin Neary <Kevin_Neary@pamd.uscourts.gov>
**Subject:** Lincoln Life v. Sampson 19-1769

Mr. Neary:

Judge Carlson had scheduled a phone conference for tomorrow at 11 a.m. He referenced that it's a call with "counsel" and that he would provide call-in information by today.

Just to alert you, I am the only attorney in the case. Attorney Petillo's client, Lincoln Life, was dismissed on February 27, 2020 (ECF No. 15) leaving me to represent Mr. Jackson and the 3 Sampson defendants representing themselves.

I don't have phone numbers for the 3 Sampson defendants and they're not registered with ECF. Accordingly, they're not likely to know about any call-in order that might be issued today. Gary Sampson did provide the court with an email address (newlifeinchrist1@verizon.net) (ECF No. 9). His two daughters did not.

Just wanted to give you a heads-up in case they have not contacted you directly with call-in information.

Jerry Geiger




Gerard J. Geiger, Esq.
P.O. Box 511
712 Monroe Street
Stroudsburg, PA 18360
T: (570) 421-9090 Ext. 235
F: (570) 424-9739
E: ggeiger@newmanwilliams.com
vCard | www.newmanwilliams.com

CONFIDENTIALITY NOTICE: This email and any documents accompanying this email transmission may contain information which is a privileged and confidential attorney-client communication and/or work product of counsel. If you are not the intended recipient, any disclosure, copying, distribution, and/or taking of any action in reliance on the contents of this email information is strictly prohibited and may result in legal action being instituted against you. Kindly reply to the sender advising of the error in transmission and delete the message and any accompanying documents from your system immediately.



# Newman Williams, P.C.

ATTORNEYS AT LAW

A Professional Corporation

P. O. Box 511
712 Monroe Street
Stroudsburg, PA 18360
570.421.9090

www.newmanwilliams.com

400 Northampton Street
Suite 404
Easton, PA 18042

Gerard J. Geiger, Esq.
ggeiger@newmanwilliams.com

February 28, 2020

Gary Sampson
5190 Hilltop Circle
East Stroudsburg, PA 18301

**RE: Lincoln Life v. Gary Sampson, et al.**

Dear Mr. Sampson

Enclosed for your response are interrogatories and a request for production of documents I am sending to you on behalf of my client, Prentis Jackson. Your answers are due within 30 days.

Very truly yours,

Gerard J. Geiger, Esq.

Enclosures (2)

Cc: Valerie Sampson
Ashli Sampson
Prentis Jackson
Christopher F. Petillo, Esq.

**NEWMAN | WILLIAMS**
A PROFESSIONAL CORPORATION

BY: GERARD J. GEIGER, ESQUIRE
IDENTIFICATION NO. PA 44099

ATTORNEY FOR: Prentis Jackson

LAW OFFICES

712 MONROE STREET
P.O. BOX 511
STROUDSBURG, PA 18360-0511
(570) 421-9090 (voice)
(570) 424-9739 (fax)
ggeiger@newmanwilliams.com

---

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, Plaintiff,<br><br>v.<br><br>GARY SAMPSON, ET. AL. Defendants | 3:19-cv-01769-ARC<br><br>Judge Caputo |

**DEFENDANT, PRENTIS JACKSON'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, GARY SAMPSON—FIRST SET**

Defendant, Prentis Jackson, requests pursuant to Fed. R. Civ. P. 34, that Gary Sampson produce the following items at the Offices of NEWMAN | WILLIAMS, 712 Monroe Street, Stroudsburg, Pennsylvania 18360, within thirty (30) days of service of this request.

## DEFINITIONS

A. If any document, as hereinafter defined, otherwise covered by this request is no longer in or subject to the possession, custody or control of the Plaintiff, identify each such document and state the disposition of each such document including, but not limited to, the date of disposition and the person or persons presently possessing or controlling each such document. If the Plaintiff refuses to produce any documents specified herein by reason of a claim or privilege, then the Plaintiff and counsel shall in the case of each such document, identify such document in writing by stating the nature of the document, the date thereof, the author, the addressee, the title, the file or other number of other identifying mark or code, its custodian and the location of the document, the identity of all persons who have read, reviewed or listened to it, and also, with respect to each such document so identified, state in writing the type of privilege claimed and all of the circumstances relied upon to support the claim or privilege.

B. As used herein, "document" shall mean any and all information in tangible form and shall include, without limiting the generality of the foregoing, all photographs, video tapes, computer files in any format, or movies or any representations of persons, places or events by whatever means made. If multiple copies of a document exist, each copy which is in any way not completely identical to a copy which is being produced or identified as a privileged document, shall also be produced or so identified.

C. As used herein, "concerning" or any variant thereof includes: referring to, evidencing, supporting, located in, considered in connection with, bearing on, reporting on, recording, alluding to, responding to, relating to, opposing, favoring, connected with, commenting on, in respect to, opposing, favoring, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing, constituting and being.

D. As used herein, the term "person" refers to individuals, corporations, partnerships, joint ventures, associates, trusts and all other forms of entities.

E. The request for documentation does not include documents whose production would disclose the mental impressions of plaintiffs' attorneys or their conclusions, opinions, memoranda, notes or summaries, legal research or legal theories or would require disclosure of their mental impressions, conclusions or opinions respecting the value of merit of plaintiffs' claims or defendants' defenses or strategies.

INSTRUCTIONS

1. Each request for production is to be responded to independently by Plaintiff.

2. In the event that any answer requested or documents called for by any request, or sub-part thereof, is withheld on the basis of privilege or any similar claim, a list is to be furnished identifying each answer or document so withheld, together with the following information:

(a) The reason for withholding;

(b) A statement of facts constituting the basis for any claim or privilege, work product or other ground of nondisclosure;

(c) A brief description of the document, including:
1. The date of the document;
2. The number of pages, attachments and appendices;
3. The identity of its author, authors or preparer;
4. The identity of each person to whom the document or a copy thereof was sent, shown or made accessible, or to whom it was explained;
5. The identity of the present custodian;
6. The subject matter of the document, and, in the case of any document relating in any way to a meeting or oral communication, the identification of such meeting or oral communication.

3. If you encounter any ambiguity in construing the requests, definitions, or instructions, set forth the matter deemed "ambiguous" and

answer the question by indicating the construction chosen and used in responding.

4. If any information or documents requested by these requests previously existed, but have been destroyed, erased, lost, or made unavailable in any manner, identify the nature of the information, the date it became unavailable, and the reason it became unavailable.

5. Identify the source of each document you produce.

6. Please identify any of the documents which you have produced which were not kept by the records custodian and made in the regular course of business, at or near the time of the act, condition or event referenced therein, and/or not prepared by an individual with first hand knowledge of said act, condition or event. If you do not so identify any documents, we will assume that each and every document provided is a business record.

7. These Requests for Production of Documents shall be deemed continuing and information secured subsequent to the filing of Responses thereto, which would have been includable in the Responses had it been known or available, shall be supplied by Supplemental Responses as soon as such information becomes known or available and in all events, prior to the trial of this action.

Documents and Things Requested

1. All exhibits you intend to introduce at trial.

2. All reports from experts who will testify at trial.

3. Copies of all documents referred to in your answers to Interrogatories from Prentis Jackson.

4. All statements concerning the action from all witnesses including any statements from the parties herein, or their respective agents, servants or employees.

NEWMAN | WILLIAMS

By: ________________________________
Gerard J. Geiger, Esq.
Attorney I.D. #44099

Date: February 28, 2020

**NEWMAN | WILLIAMS**
A PROFESSIONAL CORPORATION

BY: GERARD J. GEIGER, ESQUIRE
IDENTIFICATION NO. PA 44099
LAW OFFICES
712 MONROE STREET
P.O. BOX 511
STROUDSBURG, PA 18360-0511
(570) 421-9090 (voice)
(570) 424-9739 (fax)
ggeiger@newmanwilliams.com

ATTORNEY FOR: Prentis Jackson

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br>Plaintiff, | 3:19-cv-01769-ARC |
| v. | Judge Caputo |
| GARY SAMPSON, ET. AL.<br>Defendants | |

**DEFENDANT, PRENTIS JACKSON'S, INTERROGATORIES TO CO-DEFENDANT, GARY SAMPSON—FIRST SET**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, you are required to answer the following interrogatories fully, separately and under oath, within thirty (30) days after service hereof. In answering these interrogatories, you are required to furnish all information that is available to you, including that which can be learned through reasonable inquiry.

If you cannot answer any of these interrogatories fully, answer to the extent possible and specify the reason for your inability to answer the remainder.

## GENERAL INSTRUCTIONS

A. These Interrogatories are continuing in character so as to require Plaintiff to file supplemental answers if Plaintiff obtains further or different information prior to trial. Such supplemental answers may be filed from time to time but not later than sixty (60) days after such information is received.

B. Each Interrogatory is to be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each Interrogatory as fully as possible. The omission of any name, fact or other item of information from the answers shall be deemed a representation that such name, fact or item is not known to answering Defendant, his counsel, or other representatives at the time of the service of the answer.

C. If you contend that any of the information demanded by any of these Interrogatories is privileged, set forth, with regard to all such information, the following:
(a) the nature of the privilege asserted;
(b) the subject matter to which you claim a privilege relates.

D. In answering these Interrogatories, furnish such information as is available to you, not merely such information as is of your own knowledge. This means you are to furnish information, which is known by or in the possession of your employees, representatives, or agents, including your attorney.

E. If, in answering these Interrogatories, you encounter any ambiguity in construing either the Interrogatory or definition or instruction relevant to the inquiry contained within the Interrogatory, set forth the matter deemed ambiguous and set forth the construction chosen or used in answering the Interrogatory.

F. Whenever any objection is made to any numbered or lettered paragraph of any Interrogatory, an answer shall be furnished to any portion of that paragraph not objected to and to any other numbered or lettered paragraph of such Interrogatory as to which there is no objection.

# DEFINITIONS

1. As used in these Interrogatories, the term "Plaintiff" or "Defendant" shall include in addition to the named parties, their attorneys, agents, servants, employees, representatives, private investigators and others who are in possession of or who may obtain information for or on behalf of the Plaintiff or Defendant.

2. As used herein, "person" shall mean the plural as well as the singular and includes any legal entity, including natural persons, partnerships, firms, associates, corporations, businesses or any other form of public or private entity.

3. As used herein, the reference to "Policy" is to the Liberty Life insurance policy insuring the life of Wheeler Sampson that is identified in paragraph 8 of the complaint filed in this action by Lincoln Life Assurance Company of Boston f/k/a Liberty Life Assurance Company of Boston.

4. As used herein, the reference to "Insured" is to Wheeler Sampson.

# INTERROGATORIES

1. Identify by name and address all fact witnesses you intend to call at trial and summarize their expected testimony.

2. Identify by name and address all expert witnesses you intend to call at trial and summarize their expected testimony.

3. State every FACT which supports, directly or indirectly, your claim that Prentis Jackson "fraudulently" changed the Policy beneficiary while the Insured was in failing health and was not competent to change the beneficiaries of his policy.

4. Identify every WRITING that supports, reflects, mentions or refers to any fact which supports, directly or indirectly, your claim that Prentis Jackson "fraudulently" changed the Policy beneficiary while the Insured was in failing health and was not competent to change the beneficiaries of his policy.

5. State the name, address and phone number or every PERSON who you believe has knowledge of any fact which supports, directly or indirectly, your claim that Prentis Jackson "fraudulently" changed the Policy beneficiary while the Insured was in failing health and was not competent to change the beneficiaries of his policy.

NEWMAN | WILLIAMS

By: ______________________________
Gerard J. Geiger, Esquire
Attorney I.D. # PA 44099

Date: February 28, 2020

## Certificate of Service

I hereby certify that, on this date, plaintiff's counsel of record, listed below, was served with a copy of this document via ECF:

Christopher F. Petillo, Esq.
Drinker Biddle & Reath, LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Christopher.Petillo@dbr.com
*Attorney for Plaintiff*

Gary Sampson
5190 Hilltop Circle
East Stroudsburg, PA 18301

Ashli Sampson
70 Waverly Drive, Apartment H
Stroudsburg, PA 18360

Valerie Sampson
157 Nina Drive, Apartment 301
Virginia Beach, VA 23462

NEWMAN | WILLIAMS

By: ______________________
Gerard J. Geiger, Esquire
Attorney I.D. # PA 44099

Date: February 28, 2020